# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:17-CV-205-RGJ-CHL

**MELISSA GIPSON,**                                                                        **Plaintiff,**

**v.**

**PROGRESSIVE CASUALTY INSURANCE COMPANY,**             **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion of Plaintiff, Melissa Gipson ("Plaintiff"), to amend the pre-trial schedule to permit her thirty (30) additional days in which to disclose an expert witness. (DN 35.) Defendant, Progressive Casualty Insurance Company ("Progressive"), filed a response in opposition. (DN 38.) Plaintiff did not file a reply. This matter is now fully briefed and ripe for this Court's consideration.

For the following reasons, Plaintiff's Motion to Amend the Pre-Trial Schedule is DENIED.

## BACKGROUND

Plaintiff's expert disclosure deadline was originally November 17, 2017. (DN 8.) On the deadline, Plaintiff moved for a sixty (60) day extension. (DN 13.) The Parties later submitted an Agreed Order extending the deadline to February 16, 2018 (DN 14-1), and the Court entered an Amended Scheduling Order consistent with the same. (DN 22.)

Around the end of January 2018, Plaintiff's counsel contacted Progressive's counsel to request an additional extension of Plaintiff's expert disclosure deadline, and Progressive eventually consented to an extension. (DN 35, at PageID # 292; DN 38, at PageID # 313-14.) However, the Parties disagree regarding the length of the extension that was requested and to which Progressive agreed. Plaintiff contends she requested and received a sixty (60) day extension (DN

35, at PageID #292; DN 35-1), but Progressive asserts Plaintiff requested and received a thirty (30) day extension (DN 38, at PageID # 313-14; DN 38-1; DN 38-2).

It is undisputed that Plaintiff did not disclose an expert prior to April 17, 2017, the expiration of the sixty (60) day extension she alleges she requested. Instead, the week of April 9, 2018, Plaintiff's counsel again contacted Defendant's counsel for an *additional* thirty (30) day extension. (DN 35, at PageID # 292; DN 38, at PageID #314.) Defendant's counsel refused because the previous extension period had expired. (DN 38, at PageID #314.)

The Parties scheduled a call with the Court to resolve this and another discovery dispute. (DN 23.) After an April 25, 2018 telephonic status conference, the undersigned ordered the parties to confer as to whether they could agree on an amended scheduling plan. (DN 29.) In the Parties Joint Report, they advised they did not come to an agreement. (DN 32.) The Plaintiff then filed the instant motion. (DN 35.) It is undisputed that Plaintiff has not yet disclosed an expert witness.

## DISCUSSION

**I.      Legal Standard**

Pursuant to Fed. R. Civ. P. 26(a)(2)(D), a party must make expert witness disclosures in compliance with any deadline ordered by the Court. Further, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In evaluating whether a party has shown "good cause," a court should also consider

   (1)   when the moving party learned of the issue that is the subject of discovery;
   (2)   how the discovery would affect the ruling below;
   (3)   the length of the discovery period;
   (4)   whether the moving party was dilatory; and
   (5)   whether the adverse party was responsive to . . . discovery requests.

*Gatza v. DCC Litigation Facility, Inc.*, 717 Fed. App'x 519, 521 (6th Cir. 2017).

However, "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Ingle v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); s*ee also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Gatza*, 717 Fed. App'x at 521 ("The central question among these factors is whether a party acted diligently."). Additionally, a court should consider "whether the opposing party will suffer prejudice" by the modification. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). "While prejudice is a factor to be considered, it is not a controlling one." *Needler v. Coca-Cola Refreshments USA, Inc.*, No. 3:13-cv-781-CRS, 2014 WL 8275991, at *10 (W.D. Ky. Nov. 19, 2014).

**II.     Analysis**

Plaintiff argues that the Court should modify its scheduling order to permit her thirty (30) additional days in which to disclose any expert because of the mix up regarding whether Progressive granted Plaintiff a sixty (60) or thirty (30) day extension of the February 16, 2018 expert disclosure deadline. (DN 22.) Plaintiff states that she "relied in good faith on her understanding of a 60-day extension to make expert disclosures" and therefore, "good cause exists to amend the schedule and allow [Plaintiff] 30 days to make her disclosures." (DN 35, at PageID# 293.) Progressive objects and states that at best, Plaintiff has shown good cause to extend the discovery deadline to April 17, 2018.[1]

---

[1] Progressive refers to the extended deadline as April 15, 2018, but the Court will assume Progressive intended to cite sixty (60) days from the February 16, 2018 discovery deadline. Sixty (60) days from February 16, 2018 is April 17, 2018.

3

The undersigned agrees with Progressive. Plaintiff's Motion does not contain any assertions as to whether Plaintiff diligently attempted to meet her expert disclosure deadline under the Amended Scheduling Order. Plaintiff simply asserts that the miscommunication as to an agreed extension entitles her to additional time. The Court notes that regardless of the length of the extension to which the Parties agreed, neither Party filed a motion to extend the deadline under the scheduling order as required for an extension. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Accordingly, the Parties' agreement is not binding upon this Court independent of the ability of either party to meet the standard under Rule 16.

Plaintiff does not argue that she made any specific attempts to locate an expert or otherwise diligently attempt to meet the amended deadline under this Court's January 24, 2018 Order. (DN 22.) Further, Plaintiff is not asking the Court to deem timely a report that was disclosed prior to the expiration of the extension she thought she had secured or an otherwise existing and disclosed report. Instead, Plaintiff is requesting an additional thirty days, which would result in a sum total extension of over eight months from the expert disclosure deadline initially set by the Court and an extension of over five months from the amended disclosure deadline. Because the Plaintiff has not demonstrated that she acted diligently to meet the amended deadline[2] and because Plaintiff's request would result in an extreme extension of the discovery period, the Court finds that Plaintiff has not demonstrated good cause for such an extension within the meaning of Rule 16. *See*

---

[2] Plaintiff mentions in passing that there is a discovery dispute between Progressive and Plaintiff regarding additional documents Progressive has allegedly not produced in discovery. (DN 35, at PageID # 293.) However, Plaintiff does not connect this dispute to her own delay in seeing an expert. Further, Plaintiff points out that Progressive made its initial disclosures well beyond the scheduled deadline. (*Id.*) However, this amounts to arguing that two wrongs make a right.

*Bentkowski v. Scene Magazine*, 637 F.3d 689, 696-697 (6th Cir. 2011) (upholding district court's denial of motion for extension where movant "offered no explanation for his lack of diligence").

Additionally, the Court notes that Progressive would be prejudiced by granting Plaintiff another extension. On April 20, 2018, Progressive filed a Motion for Summary Judgment. (DN 24.) Plaintiff filed a Response that both responded substantively to Progressive's allegations and requested, in the alternative, that the Court defer a ruling on the issue because of pending discovery and scheduling disputes. (DN 39.) Progressive filed a Reply in Support on June 27, 2018. (DN 42.) Permitting Plaintiff to disclose an expert would require Progressive to rewrite its Motion to address Plaintiff's expert's opinions. This would prejudice Progressive.

Because Plaintiff has not shown good cause for her requested extension and the extension would prejudice Progressive, Plaintiff's Motion will be denied.

## ORDER

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion to Amend Pre-Trial Schedule (DN 35) is DENIED.

cc: Counsel of record